UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

VAN T. LAM,

         Plaintiff,

   v.

PARK AMBULANCE SERVICE d/b/a
AMERICAN MEDICAL RESPONSE INC. and
TARA RICKETTS,

         Defendants.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
15-CV-5785 (MKB)

MARGO K. BRODIE, United States District Judge:

  Plaintiff Van T. Lam, proceeding *pro se*, commenced the above-captioned action against Defendants Park Ambulance Service doing business as American Medical Response Inc. ("AMR") and Tara Ricketts. (Compl. 1, Docket Entry No. 1.)[1] Plaintiff alleges that Defendants unlawfully denied him "termination benefits" and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 and New York Labor Law § 195(6). (*Id.* at 4, 6, 14.) Plaintiff seeks damages as well as injunctive and declaratory relief. (*Id.* at 23–24.) Ricketts moves to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (Ricketts Mot. to Dismiss ("Def. Mot."), Docket Entry No. 22.) For the

---

  [1] Because the Complaint is not consecutively paginated, the Court refers to the electronic document filing system ("ECF") pagination.

  [2] Before moving to dismiss the Complaint, Ricketts filed a letter requesting a pre-motion conference ("PMC") regarding her anticipated motion to dismiss the Complaint. (Defs. PMC Ltr., Docket Entry No. 13.) Plaintiff filed a reply letter clarifying that his only claims against Ricketts were the unlawful discrimination claims under Section 1981. (Pl. PMC Response Ltr.,

reasons discussed below, the Court grants Ricketts' motion to dismiss and grants Plaintiff leave to file an amended complaint.

I. **Background**

For the purposes of this Memorandum and Order, the Court assumes the truth of the allegations in the Complaint. Plaintiff is an Asian-American man who, in 2013, worked as a paramedic for AMR in Brooklyn, New York. (Compl. 8.) AMR is a "national ambulance provider that employs over 20,000 people in 40 states." (*Id.* at 9.) Ricketts is the human resources director of AMR. (*Id.*) AMR employed 120 individuals in Brooklyn but Ricketts was based in Evansville, Indiana. (*Id.*) Plaintiff was the only Asian "male immigrant" working for AMR in Brooklyn. (*Id.*)

In June of 2013, AMR informed its employees that it was discontinuing its operations in Brooklyn as of June 28, 2013, and would be terminating its 120 employees. (*Id.* at 11.) A week prior to the closing of the Brooklyn office, on June 24, 2013, Plaintiff asked his supervisor, Jesus Vazquez, "about a pool table that was being thrown out." (*Id.*) Vazquez responded "why are all Asians thieves, if you take it[,] you'll be a thief and terminated." (*Id.*) Plaintiff reported Vazquez's statement the same day to Delores Brenner in AMR's human resources department. (*Id.* at 11–12.)

On June 26, 2013, Plaintiff met with the interim Brooklyn general manager and Vazquez, and was warned that he would be "terminated without benefits" if he caused any trouble prior to the closing of the office in Brooklyn. (*Id.* at 12.) Plaintiff worked the final two days of his

---

Docket Entry No. 17.) Accordingly, the Court dismissed Plaintiff's Title VII and New York Labor Law claims against Ricketts. (Order dated Feb. 2, 2016.) AMR answered the Complaint on January 4, 2016, and did not move to dismiss the Complaint. (AMR Ans., Docket Entry No. 11.)

2

employment without incident. (*Id.*) On the last day of work, June 28, 2013, AMR offered employees termination benefits, but Plaintiff was not offered termination benefits. (*Id.*) Plaintiff asked why AMR denied him termination benefits, but received no response. (*Id.*) Plaintiff then sent a letter to Ricketts on July 11, 2013, "stating [that] he feels excluded and will file charges with the EEOC if termination benefits are not offered to him." (*Id.*) Plaintiff received a "separation contract" regarding the requested termination benefits four days later, with instructions to execute the contract within fourteen days or lose any claim for termination benefits. (*Id.*) "Plaintiff believes that other employees were given forty[-]five (45) days to consider the contract." (*Id.* at 12.) The contract also required Plaintiff to, among other things, surrender any current or future legal claims pertaining to termination benefits. (*Id.* at 13.)

Plaintiff called Ricketts on July 24, 2013, and explained that the contract was "misleading, unlawful and facially retaliatory." (*Id.* at 13.) Plaintiff also asked for the "same rights and requirements" as other employees. (*Id.*) Ricketts sent Plaintiff an amended separation contract the same day via email, but did not extend the fourteen-day execution period. (*Id.*)

On July, 29, 2013, the last day of the fourteen-day execution period, Plaintiff called Ricketts about the contract, but was told that Ricketts no longer worked for AMR. (*Id.*) Plaintiff did not sign the contract. (*Id.*) The same day, Plaintiff filed charges with the EEOC. (*Id.*) By letter dated August 27, 2015, the EEOC issued Plaintiff a right-to-sue letter. (*Id.* at 14, 26.)

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the

3

complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Concord Assoc's, L.P. v. Entm't Prop. Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Thus, Courts must liberally construe papers submitted by *pro se* litigants "to raise the strongest arguments they suggest." *Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015).

  **b. Section 1981 claim**

  Ricketts moves to dismiss the Complaint, arguing that the Complaint fails to state a claim because it contains no allegations that Ricketts knew Plaintiff's race and therefore fails to show that Ricketts discriminated against Plaintiff based on his race. (Ricketts Mem. of Law in Supp.

4

of Def Mot. ("Def. Mem.") 3–5, Docket Entry No. 24.) Plaintiff responds that he informed Ricketts that "subordinate supervisors" had discriminated against him and she responded by "discplin[ing] Plaintiff with misinformation and coercion." (Pl. Opp'n to Def. Mot. 1, Docket Entry No. 26.) As explained below, Plaintiff has failed to present sufficient allegations of racial discrimination.

Section 1981 prohibits an employer from discriminating against individuals "with respect to employment benefits, privileges, [and] terms and conditions of a contractual relationship." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 224 (2d Cir. 2004) (quoting Section 1981); *Broich v. Inc. Vill. of Southampton*, 462 F. App'x 39, 41–42 (2d Cir. 2012) (quoting *Patterson*, 375 F.3d at 224). Claims of disparate treatment on the basis of race under Section 1981 are assessed using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See United States v. City of New York*, 717 F.3d 72, 83–84 (2d Cir. 2013); *see also Howard v. City of New York*, 602 F. App'x 545, 546 (2d Cir. 2015); *Broich*, 462 F. App'x at 41–42. Under the framework, a plaintiff must first establish a prima facie case of discrimination. *Dowrich-Weeks v. Cooper Square Realty, Inc.*, 535 F. App'x 9, 11 (2d Cir. 2013); *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). A plaintiff's burden at this stage is "minimal." *Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)). To establish a prima facie case of employment discrimination, a plaintiff must show that: "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015); *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012).

If a plaintiff satisfies this initial burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Littlejohn*, 795 F.3d at 307; *Ruiz*, 609 F.3d at 492. "If the employer is able to satisfy that burden, the inquiry then returns to the plaintiff, to demonstrate that the proffered reason is a pretext for discrimination." *United States v. City of New York*, 717 F.3d at 102. To state a plausible claim for relief at this stage, "a plaintiff need only show that the defendant was in fact motivated at least in part by the prohibited discriminatory animus." *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 156 (2d Cir. 2010); *see also Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. ---, ---, 133 S. Ct. 2517, 2522–23 (2013) ("An employee who alleges status-based discrimination . . . [must] show that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision.").

Here, Plaintiff fails to establish a prima facie case of discrimination under Section 1981 because the Complaint fails to allege conduct sufficient "to give rise to an inference of discriminatory intent." *See Littlejohn*, 795 F.3d at 312. A plaintiff may establish that an inference of discrimination tainted an employer's actions by showing, *inter alia*, "more favorable treatment of employees not in the protected group." *See id.* (quoting *Liebowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)); *see also Broich*, 462 F. App'x at 42 ("A plaintiff may raise an inference of discrimination for purposes of the prima facie case by showing that the employer treated plaintiff less favorably than a similarly situated employee outside his group." (citation and internal quotation marks omitted)). Plaintiff appears to allege that Ricketts discriminated against him based on his race because she only gave him fourteen days to decide whether to accept the separation contract containing the termination benefits and refused to extend the execution period upon Plaintiff's request, while all other non-Asian-American employees were

6

given forty-five days. (Compl. 8, 12–14, 21.) However, Plaintiff fails to allege that Ricketts was aware of his race or that he informed her of it. Therefore, the Court cannot infer racial bias from Ricketts' actions. *See Littlejohn*, 795 F.3d at 303–06, 312 (holding that a plaintiff's complaint failed to raise an inference of discriminatory intent regarding the employer's alleged adverse actions against her because she failed to connect the disparate treatment to any racial animus); *see also Howard*, 602 F. App'x at 548 (affirming dismissal of a plaintiff's racial discrimination claims because he had "done little more than cite to his alleged mistreatment and ask the court to conclude that it must have been related to his race" (citation, alteration and internal quotation marks omitted)).[3]

---

[3] Plaintiff also raises a retaliation claim against Ricketts based on adverse actions he suffered after filing his EEOC complaint. (Compl. 22.) To adequately plead a Section 1981 retaliation claim, Plaintiff must allege the following: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015) (citation omitted). Any retaliation claim against Ricketts based on the filing of the EEOC complaint is without merit because Ricketts was no longer AMR's human resource manager at the time Plaintiff filed his EEOC complaint, (*id.* at 13–14) and therefore could not have retaliated against him for filing the EEOC complaint. *See Jarrell v. Hosp. for Special Care*, 626 F. App'x 308, 311 (2d Cir. 2015) (dismissing a plaintiff's retaliation claim because he failed to show that "he was retaliated against for engaging in a protected activity"); *Lucio v. N.Y.C. Dep't of Educ.*, 575 F. App'x 3, 5 (2d Cir. 2014) (affirming dismissal of a plaintiff's retaliation claim because he failed to show that the alleged discriminating actor was "aware of the protected activity").

Plaintiff also alleges that on June 25, 2016, the day Vazquez made a race-related comment to him, he notified Delores Brenner in AMR's human resources department of the comment, was given a warning the following day that he could face termination without benefits, and was subsequently terminated without benefits. (Compl. 11–12.) To the extent Plaintiff is seeking to allege a claim of retaliation based on these actions, Plaintiff has failed to do so, as he does not allege that Ricketts was aware of his complaint. *See Lucio*, 575 F. App'x at 5 (2d Cir. 2014) (affirming dismissal of a plaintiff's retaliation claim because he failed to show that the alleged discriminating actor was "aware of the protected activity.") If Plaintiff files an amended complaint and seeks to pursue a retaliation claim against Ricketts based on these actions, Plaintiff should provide additional information to support such a claim.

### c. Leave to amend

In light of Plaintiff's *pro se* status, he is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint as to any discrimination or retaliation claims against Ricketts. Should Plaintiff elect to file an amended complaint, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order. The amended complaint should also contain any facts and allegations regarding any claims Plaintiff intends to pursue against AMR. If Plaintiff fails to file an amended complaint within thirty (30) days of this Memorandum and Order, the Court will dismiss the Complaint against Ricketts.

## III. Conclusion

For the foregoing reasons, the Court grants Defendant Ricketts' motion to dismiss. Plaintiff is granted thirty (30) days to file an amended complaint regarding the Section 1981 discrimination claims against Ricketts. Plaintiff's retaliation claim against Ricketts based on his filing of the EEOC charges is dismissed with prejudice. The remaining claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 13, 2017
      Brooklyn, New York